Ofelia GUTIERREZ, Plaintiff—Appellant,

v.

SPRINGS WINDOW FASHIONS DIVISION, INC., Defendant—Appellee.

No. 05–16850.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 16, 2007.*

Filed Oct. 22, 2007.

Ian E. Silverberg, Esq., Reno, NV, for Plaintiff–Appellant.

Karyn Taylor, Esq., Littler Mendleson, Reno, NV, for Defendant–Appellee.

Before: ALARCÓN, THOMPSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Plaintiff-appellant Ofelia Gutierrez appeals the district court's summary judgment against her in her action alleging that Springs Window Fashions Division, Inc. terminated her employment based upon her race/national origin and that she was unlawfully terminated as a result of being injured on the job. Gutierrez asserts claims of (1) employment discrimination on the basis of national origin and

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"); (2) wrongful termination in violation of Nevada public policy. The district court granted defendant-appellee's motion for summary judgment on both of Gutierrez's claims. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Gutierrez has failed to establish a *prima facie* case of employment discrimination based on race and/or national origin. *See* 42 U.S.C. § 2000e–2(a)(1) (prohibiting employment discrimination "because of" race or national origin). In order to establish a *prima facie* case of race or national origin discrimination, the plaintiff must show the following: (1) that she belonged to a protected class; (2) that she was qualified for the position; (3) that she was subject to an adverse employment action; and (4) that similarly situated individuals outside her class were treated more favorably. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). If the plaintiff satisfies the initial burden of establishing a *prima facie* case, the burden shifts to the defendant to prove it had a legitimate non-discriminatory reason for the adverse employment action. *Id.* If the defense meets that burden, the plaintiff must prove that such a reason was merely a pretext for intentional discrimination. *Tex. Dep't. of Cmty. Affairs v. Burdine,* 450 U.S. 248, 253, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981). Because Gutierrez failed to establish that she suffered an adverse employment action or that similarly situated individuals outside her class were more favorably treated, the district court properly granted summary judgment on the discrimination claim.

The district court also properly granted summary judgment dismissing Gutierrez's wrongful termination claim. Specifically, Gutierrez argues that her employment was terminated as retaliation for filing her worker's compensation claim. To establish a *prima facie* case of retaliation, a plaintiff must show: (1) she was engaged in a protected activity; (2) she was subjected to an adverse employment action; (3) there was a causal link between the protected activity and the adverse employment action. *Jurado v. Eleven–Fifty Corp.,* 813 F.2d 1406, 1411 (9th Cir.1987). Because Gutierrez failed to create a triable issue of material fact regarding a causal connection between her complaint and any adverse employment action, the district court properly granted summary judgment on the wrongful termination claim. *See Ray v. Henderson,* 217 F.3d 1234, 1240 (9th Cir.2000).

**AFFIRMED.**